UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

LeBARON DRYWALL, INC.,

Debtor.

Case No. A07-00070-DMD
Chapter 11

Filed On
6/20/08

MEMORANDUM REGARDING STAY RELIEF

Charles Aalfs has moved for relief from stay with regard to eight lots located in the Mesquite Subdivision in Anchorage. Both Aalfs and the Ralph Feriani Profit Sharing Trust ("Feriani Trust") claim deed of trust liens against the Mesquite lots. The debtor and the Feriani Trust oppose Aalfs' motion. The Feriani Trust has also filed an adversary proceeding against Aalfs, in which it contests the priority of Aalfs' lien.

For the reasons stated below, the stay will remain in effect at this time. However, Aalfs will be granted relief from stay, upon an appropriate application, if the following two events occur: 1) Entry of final judgment in favor of Aalfs in the related adversary proceeding, *The Ralph Feriani Profit Sharing Trust v. Aalfs*, Adv. No. 08-90014-DMD; and 2) Failure of the debtor in *In re Terraces Subdivision, LLC,* Main Case No. 07-00048, to make timely lot sales as required in the R-3 lot sale deadline of the plan or a default on the payment obligations due Aalfs under the terms of The Terraces' confirmed plan.

Background

Aalfs and the debtor's principal, Kaylen LeBaron ("Kaylen"), have had a difficult business relationship over the last several years. Kaylen owns two entities: LeBaron Drywall, Inc., and the Terraces Subdivision, L.L.C. ("The Terraces"). Both entities have been used to develop subdivisions in the Anchorage area. Both entities are now in chapter 11. LeBaron Drywall owns parcels in two Anchorage subdivisions: the eight lots in the Mesquite Subdivision and Tracts C and E of The Terraces Subdivision. The Terraces Subdivision parcel initially belonged to Kaylen's other entity, The Terraces, but LeBaron Drywall acquired it in a collateral swap which occurred prior to the chapter 11 filings. Also, as a result of the collateral swap, The Terraces ended up with a parcel called the Checkpoint Subdivision.

Both The Terraces and LeBaron Drywall filed chapter 11 petitions in February of 2007. Aalfs is a creditor in both cases. The Terraces owed Aalfs $9,232,793.00, plus interest from February 7, 2007, forward, at 10% per annum. The Terraces' obligation to Aalfs is based on four separate promissory notes, including a $750,000.00 note which is secured by both a junior deed of trust on the Checkpoint Subdivision and a deed of trust on the Mesquite subdivision lots owned by LeBaron Drywall.

The Terraces' chapter 11 plan was confirmed on October 26, 2007. A stipulated confirmation order, signed by David Bundy on Aalfs' behalf, was entered in that case. Paragraph three of the stipulated order of confirmation stated:

2

> 3. The promissory note for $750,000, which is a subpart of Allowed Class S-1 claim is further secured by a deed of trust encumbering certain lots in the Mesquite Subdivision (lots 4-10 and 12, Mesquite Subdivision, Plat No. 2004-20), which was recorded in the Anchorage Recording District on June 21, 2005 as Instrument Number 2005-042343-0. Nothing in the confirmed plan is intended to alter or amend the rights of [Aalfs] or of any other creditor or party in interest claiming an interest in these lots. All such rights are reserved and will be determined in separate proceedings by a court of competent jurisdiction.[1]

LeBaron Drywall has been in chapter 11 since February 21, 2007. Its second amended disclosure statement was approved on April 14, 2008. A continued confirmation hearing on its third amended plan is scheduled for July 1, 2008. LeBaron Drywall's primary asset is the Terraces Subdivision. During the course of the bankruptcy, LeBaron Drywall has sold lots in the Terraces Subdivision to Merit Homes. Lots in the Mesquite Subdivision have also been sold, but the debtor has the eight lots remaining which are subject to the liens of Aalfs and the Feriani Trust. There are problems with these remaining lots. Builders on adjacent lots have placed hundreds of truckloads of fill on them. Also, some of the lots may have been developed on an old dump site. Under LeBaron Drywall's third amended plan, the Mesquite lots are to be sold, but the proceeds are to be held until it is clear that Aalfs holds a first lien position against them and won't be paid from the sale of lots in the Checkpoint Subdivision.

---

[1] *See* ¶ 3, p. 3, Order Confirming Debtor's Plan of Reorg., filed Oct. 26, 2007 (Docket No. 190), in *In re The Terraces Subdiv'n, LLC,* Main Case No. A07-00048-DMD.

The Feriani Trust also holds a deed of trust lien against the eight Mesquite Subdivision lots. The lien is to secure a note in the principal amount of $750,000. The Feriani Trust contends its lien should have priority over Aalfs' as to the Mesquite lots, and has filed an adversary proceeding to determine this issue.[2] Trial in this proceeding is scheduled for October 15, 2008. The Feriani Trust now also argues, in a supplemental objection to Aalfs' motion for relief from stay, that Aalfs' deed of trust is invalid due to deficiencies in the underlying note.[3] The court notes that the same argument could be made as to the Feriani Trust's claim of lien.[4]

Discussion

11 U.S.C. § 362(d)(2) provides for relief from stay when the debtor does not have equity in the property and such property is not necessary to an effective reorganization. Here, Aalfs alleges that the tax assessed value of the Mesquite lots is between $64,000.00 and $69,500.00, for a total value of $531,300.00. The debtor contends the lots are worth $100,000.00 each, for a total of $800,000.00. Neither Aalfs nor the debtor have calculated the cost of removing the fill or resolving the dump site issues on the property. Aalfs' lien

---

[2] *The Ralph Feriani Profit Sharing Trust v. Aalfs*, Adv. No. 08-90014-DMD

[3] Suppl. Mem. in Suppt. of Feriani's Obj. to Aalfs' Mot. for Relief From Stay, filed May 27, 2008 (Docket No. 186), p. 2.

[4] *See* Proof of Claim No. 13, filed October 5, 2007, by the Feriani Trust. The attachments to this claim consist of a Settlement Statement, a "Note Secured by Deed of Trust (Individual)," a Deed of Trust and Escrow Instructions. All of these documents name Kaylen, individually, rather than LeBaron Drywall, as borrower and trustor.

4

against the Mesquite lots, which is also collateralized by the Checkpoint Subdivision, was approximately $1.5 million as of February 7, 2007. The Feriani Trust's lien is about $940,000. There is no equity in the property under the view of either party.

But is the property necessary for an effective reorganization? If the Aalfs or Feriani Trust claims of lien are allowed against the Mesquite lots, they will produce no funds for unsecured creditors. Under LeBaron Drywall's pending plan, any proceeds from the sale of the Mesquite lots are projected to go to either to Aalfs or the Feriani Trust, based on their claimed liens. If the funds went to the Feriani Trust, however, the trust's deficiency claim would be substantially reduced. This would have a positive impact on the LeBaron Drywall estate because the pool of unsecured claims would be diminished by as much as $700,000.00 to $800,000.00. The debtor's plan of reorganization is based on the sale of the remaining phases of the Terraces Subdivision, not the sale of the Mesquite lots. While sale of the Mesquite lots is not essential to an effective reorganization, such a sale could have a positive effect on the estate, depending upon who ultimately gets the proceeds. This issue won't be determined until the Feriani Trust's adversary proceeding against Aalfs is resolved, after trial in October.

Under the statutory test enunciated in § 362(d), Aalfs is entitled to relief from stay. However, § 362(d) gives the court discretion to provide less than absolute relief from stay, such as by modifying or conditioning the stay.[5] Here, I cannot ignore The Terraces'

---

[5] *Condor One v. Archway Apartments, Ltd. (In re Archway Apartments, Ltd.),* 206 B.R. 463, 465 (Bankr. M.D. Tenn. 1997).

bankruptcy in making a determination on Aalfs' motion for relief from stay. The confirmed plan in The Terraces case amortizes Aalfs' $750,000.00 secured claim over the life of the plan. It would be premature to grant Aalfs relief from stay in the instant case while The Terraces' plan remains viable. Nor can I overlook the fact that Aalfs' claim is disputed by both the debtor and the Feriani Trust. For these reasons, Aalfs' motion for relief from stay will be granted, upon the occurrence of the following conditions: 1) Entry of a final judgment in favor of Aalfs in the related adversary proceeding, *The Ralph Feriani Profit Sharing Trust v. Aalfs*, Adv. No. 08-90014-DMD; and 2) Failure of the debtor in *In re Terraces Subdivision, LLC,* Main Case No. 07-00048, to make timely lot sales as required in the R-3 lot sale deadline of the plan or a default on the payment obligations due Aalfs under the terms of The Terraces' confirmed plan. Until these two conditions occur, however, the stay will remain in effect.

      An order will be entered consistent with this memorandum.

      DATED: June 20, 2008

                                    BY THE COURT

                                    /s/ Donald MacDonald IV
                                    DONALD MacDONALD IV
                                    United States Bankruptcy Judge

Serve: J. Siemers, Esq.
       D. Bundy, Esq.
       M. Mills, Esq.
       U. S. Trustee
           6/20/08